EXHIBIT A



MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

JUDGE J. LYNCH

ROBERT MURRAY,

        PLAINTIFF,

    VS.

        18CV-03-2022

        CASE NUMBER

EASE LOGISTICS SERVICES LLC
ET. AL.,
        DEFENDANT.

## CLERK'S ORIGINAL CASE SCHEDULE

| | LATEST TIME OF OCCURRENCE |
|---|---|
| CASE FILED | 03/07/18 |
| INITIAL STATUS CONFERENCE | ******** |
| INITIAL JOINT DISCLOSURE OF ALL WITNESSES | 07/25/18 |
| SUPPLEMENTAL JOINT DISCLOSURE OF ALL WITNESSES | 09/19/18 |
| DISPOSITIVE MOTIONS | 12/12/18 |
| DISCOVERY CUT-OFF | 12/26/18 |
| DECISIONS ON MOTIONS | 02/06/19 |
| FINAL PRE-TRIAL CONFERENCE/ORDER (OR BOTH) | 02/20/19 0900AM |
| TRIAL ASSIGNMENT | 03/13/19 0900AM |

## NOTICE TO ALL PARTIES

    ALL ATTORNEYS AND PARTIES SHOULD MAKE THEMSELVES FAMILIAR WITH THE COURT'S LOCAL RULES, INCLUDING THOSE REFERRED TO IN THIS CASE SCHEDULE. IN ORDER TO COMPLY WITH THE CLERK'S CASE SCHEDULE, IT WILL BE NECESSARY FOR ATTORNEYS AND PARTIES TO PURSUE THEIR CASES VIGOROUSLY FROM THE DAY THE CASES ARE FILED. DISCOVERY MUST BE UNDERTAKEN PROMPTLY IN ORDER TO COMPLY WITH THE DATES LISTED IN THE RIGHT-HAND COLUMN.

        BY ORDER OF THE COURT OF COMMON PLEAS,
        FRANKLIN COUNTY, OHIO

__/__/__
DATE

MARYELLEN O'SHAUGHNESSY, CLERK

(CIV363-S10)

# MARYELLEN O'SHAUGHNESSY

## FRANKLIN COUNTY CLERK OF COURTS
## GENERAL DIVISION, COURT OF COMMON PLEAS

**CASE TITLE: ROBERT MURRAY -VS- EASE LOGISTICS SERVICES LLC     CASE NUMBER: 18CV002022
ET AL**

TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE:
CERTIFIED MAIL

DOCUMENTS TO BE SERVED:
COMPLAINT
CASE INFORMATION SHEET

PROPOSED DOCUMENTS TO BE SERVED:

UPON:
PETER CORATOLA, JR
6100 AVERY RD
DUBLIN, OH  43016

EASE LOGISTICS SERVICES LLC
6100 AVERY RD
DUBLIN, OH  43016

JUVENILE CITATIONS ONLY:

  HEARING TYPE:

  _ Date already scheduled at  :  Courtroom:

**Electronically Requested by:** SHARON CASON-ADAMS
**Attorney for:**

**THIS PAGE INTENTIONALLY LEFT BLANK**

Franklin County Ohio Clerk of Courts of the Common Pleas 2018 Mar 07 4:39 PM-18CV002022

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| Robert Murray | : | |
| 8785 Hubbard Dr. North | : | |
| Galloway, Ohio 43119 | : | |
| | : | |
| Plaintiff, | : | Case No. |
| | : | |
| v. | : | Judge: |
| | : | |
| Ease Logistics Services LLC | : | Magistrate: |
| 6100 Avery Rd. | : | |
| Dublin, Ohio 43016 | : | **COMPLAINT WITH JURY** |
| | : | **DEMAND ENDORSED HEREIN** |
| And | : | |
| | : | |
| Peter Coratola, Jr. | : | |
| 6100 Avery Rd. | : | |
| Dublin, Ohio 43016 | : | |
| | : | |
| Defendant. | : | |

This is an action for damages for retaliation (wrongful discharge) in violation of the Fair

Labor Standards Act 29 USCS §215(a) and for breach of contract arising under Ohio law.

**PARTIES:**

1. Plaintiff Robert Murray (hereinafter "Plaintiff") is an individual and a resident of
   Franklin County, Ohio.

2. Defendant Ease Logistics Service LLC (hereinafter "Ease Logistics") is a domestic
   limited liability company with offices located in Franklin County, Ohio.

3. Defendant Peter Coratola, Jr. (hereinafter "Coratola") is the owner and statutory agent of
   Defendant Ease Logistics.

4. Plaintiff was an employee as that term is defined by the FLSA and Defendants are
   employers as that term is defined by the FLSA.

5. Defendants Ease Logistics and Coratola are an enterprise engaged in commerce as those terms are defined by 29 USCS §203.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b).

7. This Court has subject matter jurisdiction over Plaintiffs' state law claim.

8. Venue is proper because the events giving rise to this Complaint occurred in Franklin County, Ohio.

## BACKGROUND FACTS.

9. Plaintiff was hired by Defendant on January 4, 2016 to perform the duties of Logistics Coordinator.

10. His duties included, but were not limited to, dispatching, tracking loads, and dealing with damaged loads.

11. In or around June 2016 his duties were expanded to include delivering loads and maintaining the company straight truck.

12. Plaintiff accepted these additional duties because Defendant promised that he would receive $15.00 per hour for driving during regular business hours and $20.00 per hour when he was required to work after 6:00 p.m.

13. Plaintiff normally worked 8-15 hours per day and routinely worked more than forty (40) hours per week.

14. He turned in his hours on a weekly basis.

15. Defendants issued paychecks two times per month.

16. Unfortunately, Plaintiff's compensation was never changed to reflect the promised pay increase.

17. On January 2, 2017 Plaintiff overslept.

18. He was awakened by an angry telephone call made by Coratola.

19. Coratola informed him to stay home for the day and that he was banned from overtime as punishment for oversleeping.

20. Plaintiff returned to work the next day without incident and thereafter worked his normal schedule, including the overtime required to complete his duties.

21. On January 12, 2017 he received his paycheck stub.

22. His pay record indicated that he had only worked 80 hours and his pay reflected no overtime even though he had worked more than 80 hours.

23. He contacted Justin Young regarding this discrepancy.

24. Mr. Young informed Plaintiff that Young was instructed not to pay him overtime and stated that he believed Plaintiff was informed of this matter.

25. Plaintiff expressed surprise that he would not be compensated for his overtime.

26. Soon after his communication with Mr. Young about the situation, Coratola called Plaintiff into his office and launched into a tirade.

27. Coratola asked, "Where the f*** do you get off? I told you no overtime" and "Why would I reward you with overtime for being late? What's the f***ing issue?"

28. Plaintiff stated that he was not working for free.

29. He also defended himself by pointing out that he often reported to work early in the morning and stayed later than every other employee.

30. Coratola fired Plaintiff on the spot.

31. After his termination, Plaintiff received a paycheck reflecting 3 hours of overtime (less than what he actually worked.) This was not the first time that Plaintiff was paid for less overtime than he actually worked.

## COUNT I
## RETALIATION IN VIOLATION
## OF THE FAIR LABOR STANDARDS ACT 29 USCS §215(a)(3)

32. Plaintiff restates and incorporates the allegations in the foregoing paragraphs as if fully rewritten herein.

33. The FLSA prohibits employers from discharging employees because the employee has made any complaint to the employer that the employee has not been paid wages (or overtime) in accordance with the law.

34. Defendant was aware that Plaintiff routinely worked overtime in order to fulfill the duties of his position.

35. Plaintiff worked overtime during the pay period covered by the check he received on January 12, 2017.

36. Defendant knew Plaintiff was working overtime during this period and allowed him to do so.

37. When Plaintiff complained about not receiving overtime pay for hour worked in excess of forty hours per week he was engaged in protected activity as contemplated by the FLSA.

38. Defendants responded to Plaintiff's complaint by terminating him.

39. But for Plaintiff's complaint about not being paid for his overtime, he would not have been terminated.

40. Terminating Plaintiff under these circumstances is a violation of the FLSA and Plaintiff has been damaged thereby.

41. Plaintiff is entitled to damages including back pay, front pay, compensatory damages, liquidated damages, and attorney's fees.

## COUNT II
## BREACH OF CONTRACT

42. Plaintiff restates and incorporates the allegations in the foregoing paragraphs as if fully rewritten herein.

43. In June 2016, Plaintiff agreed to accept additional duties in exchange for a pay increase.

44. Defendants promised to pay Plaintiff $15.00 per hour for driving during regular business hours and $20.00 per hour when he was required to work after 6:00 p.m.

45. After June 2016, Plaintiff frequently worked past 6:00 p.m. and delivered product after 6:00 p.m.

46. Plaintiff questioned Operations Manager Larry Basford about why he had not been paid according to this arrangement.

47. Mr. Basford was aware of the agreement and was aware that Plaintiff often worked overtime.

48. Mr. Basford stated that there would be no overtime if Plaintiff were paid $20/per hour.

49. Plaintiff was never paid the agreed upon rate.

50. Defendants breached their agreement with Plaintiff and he has been damaged thereby.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant him damages in excess of $25,000, including:

a. lost past and future wages and benefits;

b. compensatory damages;

c. liquidated damages pursuant to the FLSA;

d. attorney fees and costs;

e. prejudgment and post judgment interest;

f. such other equitable and further relief as may be just and appropriate

Respectfully Submitted,
/s/Sharon Cason-Adams
SHARON CASON-ADAMS (0067550)
Adams & Liming, LLC
1335 Dublin Rd. Suite 104D
Columbus, Ohio 43215
Telephone: 614-488-2559
Fax No: 614-488-2069
Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues triable before a jury.

/s/Sharon Cason-Adams

SHARON CASON-ADAMS (0067550)

## In the Court of Common Pleas, Franklin County, Ohio, General Division

Robert Murray
_____,
        Plaintiff/Appellant,

vs.                                    Case No._____

Ease Logistics Services LLC, et al
_____,
        Defendant/Appellee,

### Civil Case Filing Information Summary

#### Type of Action/Case Classification:

**Professional Tort (Type A)**
($225.00 Security Deposit Required)

**Product Liability (Type B)**
($225.00 Security Deposit Required)

**Other Torts (Type C)**
($225.00 Security Deposit Required)

**Workers Compensation (Type D)**
($225.00 Security Deposit Required)

**Foreclosure (Type E)**
($350.00 Security Deposit Required)

**Administrative Appeal (Type F)**
($100.00 Security Deposit Required)

✓ **All Other Civil Cases (Type H)**
($225.00 Security Deposit Required)

**Cognovit Confession of Judgment (H)**
($100.00 Security Deposit Required)

**JURY DEMAND?**   Yes
($300.00 Additional Security Deposit Required) (Yes or No)

**Total Security Deposit $** _____

Is a **TEMPORARY RESTRAINING ORDER** being requested at this time? No _____
                  (Yes or No)

Is this a case in which **ALL** the issues presented are a result of the
defendant(s) having signed and defaulted on a **COGNOVIT NOTE**?   No _____
  (Yes or No)

Is this a **FORCIBLE ENTRY AND DETAINER** case?   No _____
  (Yes or No)

Does this case include allegations of **CONSUMER SALES PRACTICES**
**ACT** violations under Chapter 1345 or any other statutory consumer
protection provision of the Ohio Revised Code?   No _____
  (Yes or No)

#### Refiling Information:

If this is a **REFILING** of a previously dismissed case, please complete the following:

Previous Case No._____
Attorney/Party Signature

Original Judge _____

0067550
Attorney Ohio Sup. Ct. Registration No.

Sharon Cason-Adams
Attorney/Party Name (Type or Print)

614-488-2559
Telephone Number

1335 Dublin Rd Ste 104D
Mailing Address

614-488-2069
Facsimile Number

Columbus        OH   43215
City         State   Zip Code

**THIS PAGE INTENTIONALLY LEFT BLANK**

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

ROBERT MURRAY
8785 HUBBARD DR NORTH
GALLOWAY, OH 43119,

18CV-03-2022

**CASE NUMBER**

PLAINTIFF,
VS.
EASE LOGISTICS SERVICES LLC
6100 AVERY RD
DUBLIN, OH 43016,

DEFENDANT.

\*\*\*\* SUMMONS \*\*\*\*          03/07/18

TO THE FOLLOWING NAMED DEFENDANT:
        EASE LOGISTICS SERVICES LLC
        6100 AVERY RD
        DUBLIN, OH 43016

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:     ROBERT MURRAY
        8785 HUBBARD DR NORTH
        GALLOWAY, OH 43119,

                                        PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
        SHARON CASON-ADAMS
        ADAMS & LIMING LLC
        SUITE 104D
        1335 DUBLIN ROAD
        COLUMBUS, OH 43215

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: MARIA J. BELAK, DEPUTY CLERK

(CIV370-S03)

E2869 - M53

FROM

MARYELLEN O'SHAUGHNESSY
FRANKLIN COUNTY CLERK OF COURTS
373 SOUTH HIGH STREET
COLUMBUS, OHIO 43215-4579

C E R T I F I E D
M A I L
R E C E I P T

03/08/18

EASE LOGISTICS SERVIC
6100 AVERY RD
DUBLIN, OH
        43016

18CV-03-2022    H

ROBERT MURRAY
    VS
EASE LOGISTICS SERVIC

SERVICE ITEM: 01
  ORIGINAL SUMMONS

    CERTIFIED
     NUMBER

9214890119 522804237591

CIV354